[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

## Case No. 12,442.

### SCHAUMBURG v. UNITED STATES.

[35 Leg. Int. 29; 25 Pittsb. Leg. J. 99; 13 Phila. 466; 5 Reporter, 551; 17 Alb. Law J. 172; [1] 24 Int. Rev. Rec. 76.]

Circuit Court, E. D. Pennsylvania.   Jan. 8, 1878. [2]

#### UNITED STATES — ACTION AGAINST PAYMASTER — CLAIM OF SET-OFF.

The act of March 3, 1797 [1 Stat. 515], does not contemplate the adjudication of any sum against the United States. A defendant who is sued by the United States is not entitled to a finding in any form of a sum due him by the United States in excess of the claim for which he was sued.

[Error to the district court of the United States for the Eastern district of Pennsylvania.]

[This was an action by the United States against James W. Schaumburg. Upon refusal in the court below to give certain instructions to the jury (case unreported) the defendant brought error.]

Chas. Henry Jones and Geo. W. Biddle, for plaintiff in error.

J. K. Valentine, U. S. Dist. Atty., and Hood Gilpin, Asst. U. S. Dist. Atty., for defendant in error.

McKENNAN, Circuit Judge. This suit was brought by the United States, in the court below, upon the bond of the plaintiff in error, as paymaster in the army, to recover a balance of $320, due by him in settlement of his accounts. At the trial of the cause he exhibited proof that he was a commissioned officer of the army of the United States, and that there was due to him a large sum for arrears of his pay, as such officer. He, thereupon, asked the court to instruct the jury "that the defendant as well as the plaintiff is entitled to a finding by the jury, of the credits, by stated amounts, in which the court may enter judgment, the finding to be in the form of a special verdict." This instruction the court refused, adding, "that as this credit is admitted to exceed the whole of the plaintiff's demand, the verdict should be for the defendant." and so the jury found generally. The refusal of the court to give this instruction is assigned for error in this court.

It is not contended, nor could it be, that the plaintiff in error could maintain a suit elsewhere than in the court of claims, against the United States for its indebtedness to him, nor that he could assert it as a counter demand to the claim in suit, without the authority of an act of congress to that end. This latter privilege is accorded to him, if at all, by the act of March 3, 1797 (1 Stat. 515), which provides, that where a suit is instituted against any person indebted to the United States, the court shall, on motion,

---

[1] [17 Alb. Law J. 172, contains only a partial report.]

[2] [Affirmed in 103 U. S. 667.]

grant judgment at the return term, unless the defendant shall, in open court, make oath or affirmation that he is equitably entitled to credits which had been, previous to the commencement of the suit, submitted to the consideration of the accounting officers of the treasury and rejected, specifying each particular claim so rejected, in the affidavit. It further provides, that in such suits, no claim for a credit shall be admitted upon the trial but such as shall appear to have been submitted to the accounting officers of the treasury for their examination, and by them disallowed, unless it shall appear that the defendant, at the time of trial, is in possession of vouchers, not before in his power to procure, and that he was prevented from exhibiting a claim for such credit at the treasury by absence from the United States, or some unavoidable accident. Now there is nothing in the terms of this act which authorises any federal court to adjudge any sum against the United States, or to render judgment for any balance of accounts in favor of a defendant who is sued by the United States, or which indicates any intended abdication by the United States of its immunity from suit. As was held in Reeside v. Walker, 11 How. [52 U. S.] 290, to permit a demand in set-off to become the foundation of a judgment would be the same thing as sustaining the prosecution of a suit. Such a proceeding could not be upheld against the government except by a mere evasion, which would be as useless in the end, "as it would be derogatory to judicial fairness." So also in De Groot v. U. S., 5 Wall. [72 U. S.] 431, the court say: "No judgment can be rendered against the government, although it may be judicially ascertained that, on striking a balance of just demands, the government is indebted to the defendant in an ascertained amount." See, also, U. S. v. Eckford, 6 Wall. [73 U. S.] 484. These cases decisively sustain the refusal of the court below to give the instruction asked for, in the form in which it was asked. But the plaintiff in error was not entitled to a finding in any form, of a sum due him by the United States in excess of the claim for which he was sued. He cannot derive any aid, in this direction, from any state law or practice touching the right of defalcation. "This is a question which arises exclusively under the acts of congress, and no local law or usage can have any influence upon it. The rule as to set-off in such cases must be uniform in the different states, for it constitutes the law of the courts of the United States in a matter which relates to the federal government." U. S. v. Robeson, 9 Pet. [34 U. S.] 324. The nature and extent of his right then must be determined by the import of the act of congress conferring it.

Now there is no good reason why an act of congress should be construed to permit a defendant, who is in default in the payment of his debt to the government, in effect and substance, to maintain a suit against it, when a like privilege is denied to all others who are, in no sense, delinquent, unless the act plainly says so. But, as was before said, the act of 1797, does not contemplate the adjudication of any sum against the United States. It merely enables a defendant to obtain credits, to which he is "equitably entitled," which have been disallowed by the proper accounting officers, as against the debt sued for. The authorised use of them is strictly defensive, and when he has proved a sufficient counter demand to extinguish the claim against him, its statutory efficiency is completely exhausted. So it is expressly held in U. S. v. Eckford, supra, where the court say: "Such a claim for a credit shall be admitted, and if proved, should be allowed in reduction of the alleged indebtedness of the defendant, even to the discharge of the entire claim of the plaintiffs, but there is not a word in the provision conferring any jurisdiction upon the court to determine that the United States is indebted to the defendant for any balance, or to render judgment in his favor for the excess of the set-off over his indebtedness as proved in the trial." In every aspect of the question then the instruction given by the court to the jury was correct. This is practically decisive of every other question in the cause; and it is, therefore, unnecessary to consider the remaining errors assigned upon the record. Even if sustained, no result more favorable to the plaintiff in error could be produced than the one attained. In any phase of the evidence offered by him he could not claim more than a general verdict in his favor, and that the jury, under the direction of the court, have found. The judgment is affirmed.

[This judgment was affirmed by the supreme court. where it was carried on writ of error. 103 U. S. 667.]